UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PACE AIRLINES, LLC, et al., ) | CASE NO. 5:08CV0771 |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | |
| PROFESSIONAL SETTLEMENT ) | **MEMORANDUM OPINION** |
| SERVICES, LLC, et al., ) | **AND ORDER** |
| ) | |
| DEFENDANTS. ) | |
| ) | |

On February 4, 2010, this Court granted summary judgment in favor of the Plaintiffs on virtually all of the claims in their First Amended Complaint[1] against Professional Settlement Services, LLC, Susan A. Mannarino and Marilyn A. Mannarino (collectively, "defendants").[2] It also granted summary judgment in their favor on their First Amended Counterclaim[3] against Global USA Holding, Inc., Bruce Gillette and John H. Kunkel (collectively, "counter-defendants").[4]

---

[1] Doc. No. 55.

[2] The Court did not grant Plaintiffs' motion for summary judgment on Count Four (Tortious Interference with Contract), concluding that they had failed to meet their burden of proof on the elements of the claim. (Doc. No. 93 at 22.) Had defendants moved for summary judgment on that claim, it probably would have been granted. However, as it stands, there has been no judgment with respect to Count Four. That said, no party seems to be of the view that this claim has survived for purposes of a trial and the Court will, therefore, assume that Plaintiffs have abandoned that claim on the theory that even a trial record would not allow them to prevail.

[3] Doc. No. 73.

[4] Throughout the briefing relating to the matters addressed in the instant order, reference is made to "third-party defendants" when referring to Global, Gillette and Kunkel. However, the Amended Third-Party Complaint (Doc. No. 63) was voluntarily dismissed on March 12, 2010. *See*, Doc. No. 97. Therefore, the Court will refer to these parties as counter-defendants, since the counterclaim is still alive. The Court notes, as it has frequently in prior orders, that these three parties are unrepresented and have never appeared or defended although they were all served.

No final judgment was entered and the Court requested briefing with respect to four issues: the specific amount of compensatory damages sought by Pace Airlines, LLC and Pace Airlines II, LLC (collectively, "Pace"); Pace's entitlement to prejudgment interest; Pace's entitlement to costs; and Pace's entitlement to attorney fees. That briefing is now complete and these matters are ripe for determination.

## DISCUSSION

### Amount of Compensatory Damages Sought by Pace

Pace represents (*see* Doc. No. 99, at 2) that it seeks the amount of $500,000.00, excluding prejudgment interest, attorneys' fees and costs, from defendants and counter-defendants, jointly and severally.

### Pace's Entitlement to Prejudgment Interest

Pace asserts entitlement to prejudgment interest from December 15, 2007 until the date of the final judgment, which has yet to issue. Defendants expressly state that they do not challenge Pace's entitlement to prejudgment interest for that date range.[5] (*See*, Doc. No. 100.)

### Pace's Entitlement to Costs

Pace asserts entitlement to as-yet unspecified costs, as the prevailing party. Defendants expressly do not challenge *entitlement* to costs, but reserve the right to challenge any itemized bill of costs that Pace will ultimately file. (*See*, Doc. No. 100, at 1-2.)

---

[5] As already noted, the counter-defendants have not filed a brief.

**Pace's Entitlement to Attorneys' Fees**

This is the only contested issue. Pace argues that it is entitled to recover attorneys' fees on the basis of the ruling in its favor on the counts of conversion and civil conspiracy. It asserts, in particular, that the ruling on civil conspiracy necessarily required a finding that defendants and counter-defendants "maliciously combined" to convert Pace's $500,000.00 deposit to Pace's detriment. (Doc. No. 99, at 8-9.) It points to this Court's ruling as setting forth "a veritable catalogue of intentional misdeeds." (*Id.* at 9, quoting Doc. No. 93, at 23.)

Pace argues that "the depths of the wrongdoing in this action are truly astonishing[ ]" and, had defendants and counter-defendants "displayed even a modicum of respect for the notion of escrow, this action would not have been necessary." (Doc. No. 99, at 10.) It cites three cases grounded in contract law for the proposition that, where there are bad faith motives, an award of attorneys' fees is appropriate. *See First Federal Savings & Loan Association of Toledo v. Perry's Landing, Inc.*, 11 Ohio App. 3d 135, 147 (Ohio App. 6 1983) ("[a]s a general rule, attorney fees (for either party) are not recoverable as damages in contract actions, unless there has been a substantial showing of bad faith or wrongful motives"); *Channell v. N.C.R. Emp. Independent Union*, 28 Ohio App. 2d 260, 260 Syllabus, ¶ 2 (Ohio App. 2 1971) ("In making an allowance of attorney fees as part of compensatory damages the court may consider the motives of the wrongdoers even though punitive damages are not involved."); *Stonehenge Land Co. v. Beazer Home Investments, L.L.C.*, 177 Ohio App. 3d 7, 26 (Ohio App. 10 2008) ("[g]enerally, attorney's fees are allowable as damages in breach of contract cases where the parties have bargained for a particular result and the breaching party's wrongful conduct led to the legal fees being incurred").

In opposition, the defendants rely on *Sorin v. Bd. of Educ. of Warrensville Heights Sch. Dist.*, 46 Ohio St. 2d 177 (1976). In *Sorin*, the court stated:

> In *Roberts v. Mason*, [10 Ohio St. 277 (1859)], an action in tort to recover damages for an assault and battery, the court held, in the syllabus:
>
>> "In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and this they may do, although the defendant may have been punished criminally for the same wrong.
>>
>> "In such a case, the jury may, in their estimate of *compensatory* damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action."
>
> The rule enunciated in *Roberts v. Mason*, *supra*, has consistently been followed in Ohio, although without agreement as to whether such attorney fees are allowable as compensatory, or as punitive, damages.

*Id*. at 181 (emphasis in original; footnotes omitted). Although the court in *Sorin* did not find the rule set forth in *Roberts* applicable to the case, it expressly stated that it "[did] not depart from this well-settled rule of law[.]" *Id*.

Defendants point out that this Court has already found that they did not act out of any hatred or ill will. *See* Doc. No. 93, at 26-27 ("defendants [. . .] acted more out of desperation (because they saw 'no other way') than out of 'hatred, ill-will, or a spirit of revenge[ ]' or with 'disregard for the rights' of Pace[ ]"). The Court also expressed doubt that the claim for punitive damages could survive. *Id*. at 26, n.29. Therefore, in defendants' view, absent a judgment of punitive damages, attorneys' fees cannot be awarded.

Defendants distinguish each of the three cases relied upon by Pace. First, defendants assert that *First Federal Savings* actually ruled, in reliance on *Sorin*, that the successful appellees were not entitled to attorneys' fees because there was no showing of bad faith or wrongful motives. Second, defendants properly point out that *Channell* was decided long

before the Ohio Supreme Court decided *Sorin* and was expressly rejected by *Sorin* because the court in *Channell* "did not develop its reasoning for affirmance of the award of attorney fees." 46 Ohio St. 2d at 182, n.4. Finally, defendants correctly argue that *Stonehenge* is totally inapplicable because it involved a contract which provided for attorneys' fees in the case of breach.

Pace insists that case law in Ohio allows recovery of attorneys' fees even where the prevailing party cannot recover punitive damages, based solely on a finding of "bad faith." However, this is not the law in Ohio. *See Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 558 (1994) ("[a]ttorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted") (citing *Columbus Finance, Inc. v. Howard*, 42 Ohio St. 2d 178, 183 (1975)); *Sorin*, *supra*; *Roberts*, *supra*. Admittedly, one can find (and Pace has cited) cases which state that attorneys' fees can be taxed against a non-prevailing party who acted in "bad faith." *See State ex rel. Citizen Action for a Livable Montgomery v. Hamilton County Board of Elections*, 115 Ohio St. 3d 437, 446-47 (2007) (citing *State ex rel. Maloney v. Sherlock*, 100 Ohio St. 3d 77 (2003); *Pegan v. Crawmer*, 79 Ohio St. 3d 155 (1997)); *Reagans v. MountainHigh Coachworks, Inc.*, 117 Ohio St. 3d 22 (2008); *Vance v. Roedersheimer*, 64 Ohio St. 3d 552 (1992). However, the case law is clear: absent a statute allowing for attorneys' fees as costs, they may be awarded as compensatory damages *only* where punitive damages have been awarded.

A very recent Ohio Supreme Court case sheds additional light on this subject. In *Neal-Pettit v. Lahman*, 125 Ohio St. 3d 327 (2010), plaintiff had been injured in a car accident caused by a drunk driver who was insured by Allstate Insurance Co. Plaintiff obtained a jury verdict of compensatory and punitive damages and an award of attorneys' fees based on the punitive damages award. Allstate paid the amounts awarded as compensatory damages, interest

and expenses, but refused to pay the punitive damages and attorneys' fees. Plaintiff filed a supplemental complaint against Allstate for payment of the attorneys' fees. After the court of appeals affirmed the trial court's summary judgment in favor of Neal-Pettit on the issue, Allstate appealed to the Ohio Supreme Court arguing that "the attorney-fee award is an element of the punitive damages award because both are made in cases of malicious conduct." *Id.* at 329. Although noting that the two awards "have similar bases," *id.*, the court held in the Syllabus that "[a]ttorney fees are distinct from punitive damages[.]" *See also Smith v. Pittsburg, Ft. Wayne & Chicago Ry. Co.*, 23 Ohio St. 10, 18 (1872) ("The doctrine there announced [in *Roberts*] is, that in a case where punitive as well as compensatory damages may be awarded, the jury [. . .] should regard counsel fees as compensation and not as punishment."); *Zappitelli v. Miller*, 114 Ohio St.3d 102, 103 (2007) (when an award of attorney fees is made in addition to punitive damages, it is awarded as an element of compensatory damages).[6]

What is clear from Ohio case law is that an award of attorneys' fees is an element of compensatory damages, but it can only be awarded where punitive damages have also been awarded. There has been no such award in this case and it is highly doubtful that, had this case gone to trial, punitive damages would have been warranted.

The Court finds no basis for an award of attorneys' fees in this case and, therefore, denies the same.

---

[6] *See also Taylor v. McKelvey*, No. 72, 1982 WL 6033, at * 2 (Ohio App. 1982), upholding the following jury instruction given by the trial court: "In the event you find punitive damages for the Plaintiff, you may then include an amount of money that you find from the evidence would reasonably compensate the Plaintiff for his expenses of attorney fees in this case, but, peculiarly, if you do that, the amount of attorney fees is added to the compensatory damages."

## CONCLUSION

On the issues remaining in this case, the Court concludes as follows:

1. Pace is entitled to recover from the defendants and counter-defendants, jointly and severally, the amount of $500,000.00 in compensatory damages.

2. Pace is entitled to prejudgment interest from December 15, 2007 until the date of the final judgment.

3. Pace is entitled to its costs, subject to proper objections by the defendants and counter-defendants following the filing of appropriately supported Bill of Costs.

4. Pace is not entitled to an award of attorneys' fees.

## SUBSEQUENT PROCEEDINGS

In light of the above rulings, Pace shall submit its properly supported Bill of Costs by no later than December 1, 2010. Defendants shall submit any objections or state affirmatively in writing that there are no objections by December 10, 2010. No reply will be permitted. The Court will thereafter issue an award of costs, as appropriate.

Seven (7) days after the Court rules on the Bill of Costs, the parties shall jointly submit a proposed Final Judgment Entry incorporating all of this Court's rulings to date.

**IT IS SO ORDERED**.

Dated: November 19, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**